# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DENNIS F. ADKINS,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0243** (BOR Appeal No. 2050826)
(Claim No. 2014034653)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**UNION CARBIDE CORPORATION,**
**Employer Below, Respondent**

**FILED**

March 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Dennis F. Adkins, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 10, 2016, in which the Board affirmed a September 14, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 10, 2014, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Dennis F. Adkins, a former coal miner, alleges he developed occupational pneumoconiosis due to the dust hazards he was exposed to over an eleven year period while he worked for Union Carbide Corporation from approximately 1970 through 1981. In 1981, Mr. Adkins was laid off from his position. He subsequently underwent a ventilatory study and chest x-rays, which showed minimal diffuse nodularity consistent with occupational pneumoconiosis of a low profusion. Mr. Adkins filed a claim for benefits on June 6, 1984, which was granted on a non-medical basis on January 28, 1985.

On April 16, 1986, additional x-rays were performed. No evidence of occupational pneumoconiosis could be found. The Occupational Pneumoconiosis Board advised against a diagnosis of occupational pneumoconiosis and the former Worker's Compensation Fund granted Mr. Adkins no award based on the recommendation.

On December 30, 2013, Mr. Adkins underwent chest x-rays which showed simple pneumoconiosis. He subsequently filed a claim on January 30, 2014, indicating he was last exposed to the hazards of occupational pneumoconiosis on August 12, 1981. The claims administrator rejected the claim on September 10, 2014, stating that it was a duplicate claim to the one previously litigated and that Mr. Adkins had not experienced any additional exposure to the hazards of occupational pneumoconiosis since that time.

On September 14, 2015, the Office of Judges affirmed the claims administrator's decision. The Office of Judges found that the former Worker's Compensation Fund's argument was persuasive. At the conclusion of the prior claim, it was determined that Mr. Adkins did not have a diagnosis of occupational pneumoconiosis and thus would not be granted an award. Further, it was argued that Mr. Adkins was last exposed to the hazards of occupational pneumoconiosis in 1981. The Office of Judges determined that his 2013 claim was not timely filed under West Virginia Code §23-4-15(b) (2005). It also found that Mr. Adkins failed to prove that he had experienced sufficient exposure to the hazards of occupational pneumoconiosis since his prior claim. Based on these facts, the Office of Judges affirmed the claims administrator's decision.

The Board of Review affirmed the Order of the Office of Judges with modifications. The Board of Review agreed with the findings of fact but disagreed with the Office of Judges' reasoning. The Board of Review stated that occupational pneumoconiosis is a progressive disease but agreed with the Office of Judges' finding that Mr. Adkins did not timely file a claim under West Virginia Code §23-4-15(b). Additionally, the Board of Review found the evidence did not establish Mr. Adkins had ever been diagnosed with occupational pneumoconiosis by a physician.

We agree with the conclusion reached by the Board of Review. Mr. Adkins never received a diagnosis of occupational pneumoconiosis in his first claim. He did not experience any additional exposure since his last date of exposure in 1981. The impression of the chest x-ray taken on December 30, 2013, was simple pneumoconiosis; however, the physician did not comment on whether he believed it to be related to Mr. Adkins's occupation. Further, Mr. Adkins testified in a deposition that he regularly smoked cigarettes until 2007. The evidence

supports the finding that Mr. Adkins did not develop occupational pneumoconiosis as a result of his occupation with Union Carbide Corporation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker